UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 04-21351-CIV-MARTINEZ-BROWN

MARY ANN COLLIER, ARTHUR L. WALLACE, ROY McGOLDRICK and ROBERT PINO

Plaintiffs,

vs.

FRED O. DICKINSON, III, CARL A. FORD, and SANDRA LAMBERT,

Defendants.

_______________________________________/

**SETTLEMENT AGREEMENT AND RELEASE**

Plaintiffs, MARY ANN COLLIER, ARTHUR L. WALLACE, ROY McGOLDRICK and ROBERT PINO, on behalf of themselves and all others similarly situated ("Plaintiffs"), and Defendants, FRED O. DICKINSON, III, CARL A. FORD and SANDRA LAMBERT ("Defendants"), have entered into the following stipulation and agreement of compromise and settlement ("Settlement Agreement" or "Agreement") subject to the approval of the Court.

**RECITALS**

A. Plaintiffs, on behalf of themselves and all others similarly situated have filed a class action complaint against the Defendants, Fred O. Dickinson, III, Carl A. Ford and Sandra Lambert, (the "Complaint"), seeking relief for Defendants' alleged violations of the *Driver's Privacy Protection Act*, 18 U.S.C. §§2721-2725 and for their alleged violations of Title 42 U.S.C. §1983 (the "Action").

B. The Driver's Privacy Protection Act (the "DPPA" or the "Act") was enacted in 1994, in response to privacy and safety concerns, arising from the public's unrestricted access to the personal

information contained in state motor vehicle department records, and the common practice in many states, including Florida, of generating substantial revenue by selling that information. (*Complaint* at ¶ 9). Among other things, the DPPA prohibits any person from knowingly obtaining, disclosing, or using "personal information" and/or "highly restricted personal information" contained in an individual's "motor vehicle record" for marketing or other purposes not permitted by the DPPA without the individual's prior express consent. 18 U.S.C. §§ 2721 and 2725.

C. Title 42 U.S.C. § 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

D. Both before filing the Action and after litigation was commenced, counsel for Plaintiffs conducted a thorough examination and evaluation of the relevant law and facts to assess the merits of Plaintiffs' claims and potential claims and to determine how best to serve the interests of Plaintiffs and the Class (as defined below).

E. In the course of their examination and litigation against Defendants, counsel for Plaintiffs reviewed thousands of documents provided by the Florida Department of Highway Safety and Motor Vehicles ("DHSMV"), the Defendants, and various third parties, and deposed Defendants, former Defendants, and numerous third parties.

F. Based upon the investigation, discovery, sworn testimony, and evaluation of the facts and law relating to the matters alleged in the pleadings, Plaintiffs and Defendants have agreed to settle

this action pursuant to the provisions of this Agreement after considering such factors as: (1) the benefits to Plaintiffs and the Class under the terms of this Agreement; (2) the attendant risks and uncertainty of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; (3) the desirability of consummating this Agreement promptly in order to effectuate the relief set forth below in a timely manner; and (4) Defendants' limited financial resources, which make resolution of the Action on a class basis for nominal damages and injunctive relief appropriate.

G. Plaintiffs and Plaintiffs' counsel have determined that this Agreement is fair, reasonable and adequate because it provides substantial benefit to the Class and is in the best interests of the Class.

H. Defendants expressly deny any wrongdoing alleged in the pleadings and do not admit or concede any actual or potential fault, wrongdoing or liability in connection with any facts or claims that have been or could have been alleged against them in the Action, but consider it desirable for the Action to be settled and dismissed because this Agreement will: (1) provide benefits to the Class; (2) avoid further disruption of the Defendants' business and personal lives due to the pendency and defense of the Action; (3) put Plaintiffs' claims and the underlying matters to rest; and (4) avoid the substantial expense, burdens and uncertainties associated with continued litigation of those claims.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the Plaintiffs and Defendants, joined by DHSMV, acting in good faith and subject to the approval of the Court pursuant to Federal Rule of Civil Procedure 23, that all class claims and the Action alleged against Defendants identified in recital A above be, and hereby are, compromised, settled, released and discharged in accordance with the terms and conditions set forth below.

**THE SETTLEMENT**

In consideration of the respective covenants and undertakings set forth below, Plaintiffs and Defendants (together, the "Parties") agree as follows:

1. **Definitions:** The following terms shall have the meanings set forth below:

A. "Plaintiffs" and "Class Representatives" refer to MARY ANN COLLIER, ARTHUR L. WALLACE, ROY McGOLDRICK and ROBERT PINO, the named Plaintiffs in the above-styled suit.

B. "Defendants" refer to the Defendants in this lawsuit, FRED O. DICKINSON, III, CARL A. FORD and SANDRA LAMBERT.

C. "Action" refers to the above-styled case, Mary Ann Collier, Arthur L. Wallace, Roy McGoldrick and Robert Pino v. Fred O. Dickinson, III, Carl A. Ford and Sandra Lambert, Case No. 04-21351-CIV-MARTINEZ-BROWN.

D. "Class" refers to a settlement class conditionally certified for settlement purposes only as all natural persons who held a Florida driver's license, identification card or motor vehicle registration at any time between June 1, 2000 and September 30, 2004.

E. "DPPA" refers to the Drivers' Privacy Protection Act, a federal law codified at 18 U.S.C. §2721.

F. "42 U.S.C. §1983," or "§1983" refers to a federal law for the protection of Constitutional and Federal statutory rights of all persons, codified at 42 U.S.C. §1983.

G. "Personal information" means information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but

does not include information on vehicular accidents, driving violations, and driver's status and has the same meaning as set forth in 18 U.S.C. §2725(3).

H.    "Highly restricted personal information" means an individual's photograph or image, social security number, medical or disability information and has the same meaning as set forth in 18 U.S.C. §2725(4).

I.    "Express consent" means consent in writing, including consent conveyed electronically that bears an electronic signature as defined in section 106(5) of Public Law 106-229 and has the same meaning as set forth in 18 U.S.C. § 2725(5).

J.    "Motor vehicle record" means any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a state department of motor vehicles and has the same meaning as set forth in 18 U.S.C. §2725(1).

K.    "Person" means an individual, organization or entity, but does not include a state or agency thereof and has the same meaning as set forth in 18 U.S.C. §2725(2).

L.    "DHSMV" refers to the Department of Highway Safety and Motor Vehicles of the State of Florida, which is a "state department of motor vehicles," within the meaning of the DPPA. DHSMV is not a party to this action, but joins for the limited purpose of effectuating the terms of this Agreement only.

M.    "Agreement" refers to this Settlement Agreement.

N.    "Disclosure" (including "disclose" and "re-disclosure") with respect to personal information or highly restricted personal information, includes, but is not limited to, the release, availability or communication of, or access to, in whole or in part any portion of such information in any form and in any manner.

O. "Class Counsel" means: Co-Lead Counsel Tod Aronovitz of the law firm of Aronovitz Jaffe and Co-Lead Counsel David D. Welch of the law firm of David D. Welch Law Offices; Joel S. Perwin of the law firm of Joel S. Perwin, P.A.; Lawrence D. Goodman and John W. Devine of the law firm of Devine Goodman Pallot Rasco & Wells, P.A.; Peter A. Portley of the law firm of Portley and Sullivan, P.A.

P. "Court" refers to the United States District Court for the Southern District of Florida, Miami Division.

2. **Recitals and Definitions Incorporated:** The foregoing recitals and Definitions are hereby incorporated by reference as part of the settlement between the Parties.

3. **Effective Date:** This Agreement shall be deemed to have been executed upon the last date of execution by all of the undersigned. This Agreement shall be effective upon its execution by all Parties hereto which may be done in counterparts in accordance with paragraph 22 below, its approval by the Court and all objection and appeal periods becoming final.

4. **Settlement Date:** The "Settlement Date" of the Action shall be the first date after which all of the following events and conditions have been met or have occurred:

A. All Parties have executed this Agreement;

B. The Court has entered an order (i) finally approving this Agreement without any modifications or supplementation other than as agreed by the Parties, including all consideration and documentation as set forth in this Agreement; (ii) releasing Defendants as set forth herein; and (iii) dismissing with prejudice the Action and all claims asserted therein;

C. Any provisions of this Settlement Agreement which require approval by the Florida Legislature have been so approved;

D. The substantially similar matter pending between the State of Florida, DHSMV and the U.S. Department of Justice referenced in that certain U.S. Department of Justice letter dated January 3, 2008, a copy of which is attached hereto as Exhibit "F," has been satisfactorily resolved unless waived in writing by Defendants; and

E. Unless the Parties otherwise agree in writing to waive all or any portion of the following provisions, there has occurred: (i) the expiration of the time to appeal from the Final Order, in the event there is a properly and timely filed objection to entry of the Final Order, but no Party or objector appeals from the order granting or denying the objection; (ii) the final dismissal of the appeal, if any, from the Final Order; (iii) affirmance on appeal, if any, of the Final Order in substantial form; (iv) if a ruling or decision is entered by an appellate court affirming the Final Order, the period within which to petition for a writ of certiorari as to such ruling or decision has expired; or (v) if a petition for a writ of certiorari with respect to the Final Order is filed, the petition has been denied or dismissed or, if granted, has resulted in affirmance of the Final Order in substantial form.

5. **Termination:** In the event that any of the events or conditions described in paragraph 4A-E above either are not met or do not occur, this entire Agreement shall become null and void, except that the Parties shall have the option to agree in writing to waive the event or condition and proceed with settlement of the Action with modified terms. Further, in the event that any of the events or conditions described in paragraph 4A-E above either are not met or do not occur, unless waived, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties, or the Class, and shall not be used in the Action or in any other action or proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated.

6. **Motion for Preliminary Approval**: As soon as reasonably practicable after the signing of this Settlement Agreement, the Named Plaintiffs shall file with the Court a Motion and Memorandum in Support of Preliminary Approval of Proposed Settlement and Release, Conditional Certification of Settlement Class, Appointment of Class Counsel and Lead Class Counsel, Approval and Direction of Notice Plan, and Appointment of Notice Administrators that seeks entry of an order that would, for settlement purposes only:

A. preliminarily approve this Settlement Agreement;

B. certify a conditional Settlement Class under Federal Rule of Civil Procedure 23(b)(2) composed of the Settlement Class members;

C. appoint Class Counsel and Lead Class Counsel;

D. approve the proposed Notice Plan and CAFA Notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715, in forms substantially similar to those attached hereto as Exhibits C-E; and

E. schedule a Final Fairness Hearing.

Defendants will not oppose this motion, agreeing that the Settlement Agreement should be preliminarily approved and not contesting certification of the conditional Settlement Class.

7. **Class Certification For Settlement Purposes Only:**

A. The Parties have agreed to request that the Court presiding over the Action certify for settlement purposes only the following class under Federal Rule of Civil Procedure 23(b)(2):

> All natural persons who held a Florida driver's license, identification card or motor vehicle registration at any time between June 1, 2000 and September 30, 2004.

Certification of the Class and appointment of Plaintiffs as representatives of the Class shall be binding only with respect to the settlement of the Action. In the event this Agreement is terminated pursuant to its terms or the Settlement Date does not occur, or the Court does not approve the Agreement, the certification of the Class shall be vacated, the Action shall proceed as though the Class had never been certified, the Parties shall be returned to the *status quo ante* and Defendants shall retain all rights to object to the maintenance of the Action as a class action.

B. Because the Settlement Class is being certified as a mandatory class under Federal Rule of Civil Procedure 23(b)(2), Settlement Class Members shall not be permitted to opt out of the Settlement Class.

8. **Equitable Relief and Monetary Credit Incidental to the Equitable Relief:** Defendants agree and stipulate to the following relief:

A. **Equitable Relief.** Defendants have elicited and have obtained the agreement of the DHSMV which agency joins in this Settlement Agreement and agrees to implement the equitable relief described as follows:

1. **Transparency.**

1.1 The DHSMV will print a statement on Florida driver license ("DL") and Florida motor vehicle registration ("DMV") renewal notices and on GoRenew.com that refers the recipients of such renewal notices to a webpage which specifically addresses Florida and federal DPPA law and policies (the "DPPA webpage"). The DHSMV will also post similar information in DHSMV offices visited by the public.

1.2 Within the DPPA webpage the DHSMV will create a link to its public records request webpage that will include information for obtaining the name and address of those

companies that, and persons who, have purchased DPPA-protected information ("DPI") under a DPPA exemption, including authorized re-sellers, along with a description of the records requested and the DPPA exemption under which the records were requested and provided. There will be a notation on the DPPA webpage that explains the DHSMV is unable to detemine which individual records were contained in these disclosures of DPI by the DHSMV to third parties.

1.3 The DHSMV will create a webpage that the public will be referred to in 1.1 above (*i.e.*, the DPPA webpage), which will be dedicated to and set forth applicable federal and Florida law and policies pertaining to the DPPA. This webpage will include a link to the public records request webpage described in 1.2 above.

2. **Personnel Training.** The DHSMV shall prepare and implement written DPPA policies and procedures, to be followed by training in DPPA compliance, for DHSMV personnel tasked with responding to requests from third parties for DPI.

3. **Customer Credentialing.** The DHSMV will modify form HSMV 85054 and each of its memoranda of understanding with resellers of DPI to require the requestor of DPI to state the intended use of such DPI, under penalty of perjury, as well as affirmative statements that such DPI will only be used for DPPA-permitted purposes.

4. **Adherence to Requirements of DPPA.** The Defendants shall not knowingly obtain, disclose, or use Personal information from DHSMV motor vehicle records for purposes not permitted by the DPPA.

B. **Monetary Relief.** The DHSMV will provide a $1.00 credit to each Class Member who registers, or renews the registration of a motor vehicle with DHSMV between July 1, 2009 and June 30, 2010, inclusive. Each Class Member shall be entitled to only one $1.00 credit regardless of the number of motor vehicles he or she registers during the applicable period. If a Class

Member registers or renews the registration on more than one motor vehicle during the applicable period, the $1.00 credit shall be applied to the first of such motor vehicles so registered.

C. **Expense of Relief.** The Parties agree that the injunctive relief called for in this Agreement is of substantial, calculable value and benefit to the Class. The DHSMV shall bear any and all costs associated with its compliance with the Relief called for under this Agreement.

D. **Expense of Notice and Costs of Settlement Administration.** The Defendants shall be jointly responsible for the costs of the settlement class notice and all costs of settlement administration so long as the Notice Plan contemplated by the Settlement Agreement is approved by the Court.

9. **Incentive Award**: The Parties agree that Plaintiffs are adequate representatives of the Class for settlement purposes. In an unopposed motion for approval of this Agreement and for Final Judgment and Order, Plaintiffs' counsel will request that the Court award each of the Plaintiffs the sum of Three Thousand Dollars ($3,000.00) as an incentive award for participating as a class representative in the Action, to be paid by Defendants within thirty (30) days after the Settlement Date. Defendants agree to pay and shall not oppose the requested incentive award, and will pay this amount, subject to compliance with the terms of the Agreement. Such compensation shall be paid to an attorney trust account to be designated by Co-lead Counsel. This incentive award will be paid separately by Defendants, will not reduce any benefit to the Class or reduce any other obligation Defendants have under the Agreement.

10. **Class Counsel Fees and Costs**: The Parties agree that Class Counsel are adequate counsel for the Class for settlement purposes. Class Counsel will apply for, and Defendants agree to pay and will not object to, Class Counsel's receiving an award of attorneys' fees and expense

reimbursements in the amount of Two Million Eight Hundred Fifty Thousand Dollars ($2,850,000.00). This amount will be paid separately by Defendants, will not reduce any benefit provided to the Class or Plaintiffs, or reduce any other obligation Defendants have under the Agreement. The attorneys' fees set forth herein will be paid by Defendants within thirty (30) days after the Settlement Date, to an attorney trust account to be designated by Co-lead Counsel.

11. **No Other Financial Obligations On Defendant**: Defendants shall not be liable or obligated to pay any fees, expenses, costs or disbursements to, or incur any expense on behalf of, any person, either directly or indirectly, in connection with the Agreement, other than the amount or amounts expressly provided for in this Agreement.

12. **Release**:

A. Upon occurrence of the Settlement Date, by operation of the entry of the Final Order, Plaintiffs and all Class members, individually and as a Class, for themselves, their attorneys, spouses, executors, representatives, heirs, successors, and assigns, in consideration of the relief set forth in this Agreement, fully and finally release Defendants from all claims and causes of action for statutory liquidated damages under the DPPA and damages for DPPA violations under 42 U.S.C. §1983 as to all Class Members. Class Members further waive all right to pursue claims not otherwise waived and released by this Settlement Agreement using the class action mechanism provided in Rule 23 of the Federal Rules of Civil Procedure or its state equivalent.

B. This Settlement Agreement expressly reserves the rights of a Class Member to later file an individual lawsuit seeking only actual damages under the DPPA.

13. **Procedure For Implementation Of Settlement**: No later than ten (10) days after the Agreement is executed by all Parties, Class Counsel will recommend to the Court, in an unopposed motion for approval of this Agreement and for entry of a Final Order, that the Action be

settled according to the terms of this Agreement and request a hearing at which the Parties will jointly present the Agreement to the Court in support of its reasonableness, fairness, and adequacy to settle the Action.

14.    **Third Amended Complaint**: Class Counsel will submit an unopposed motion for leave to file a Third Amended Complaint seeking Rule 23(b)(2), Fed.R.Civ.P., relief in the form set forth as Exhibit "A" to this Settlement Agreement. In the event that this Settlement Agreement is not finally approved, the third Amended Complaint shall be deemed withdrawn and this action will proceed on the Second Amended Complaint and the Answer thereto.

15.    **Notice**:

A.    The Plaintiffs shall serve notice of the settlement (via Federal Express) that meets the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715 ("CAFA") on the appropriate Federal and State of Florida officials not later than 10 days after the filing of this Settlement Agreement with the Court. A copy of the proposed CAFA notice is attached hereto as Exhibit "B".

B.    Notice shall be provided concerning this Settlement Agreement to Class Members as set forth in Exhibit "C" to this Agreement:

The Department of Highway Safety and Motor Vehicles will bear the costs of the Notice Plan and administer its implementation via publication in both newspapers of general circulation within the State of Florida, as well as the posting on its DPPA webpage. Written objections or written statements will be filed with and maintained by the Clerk of the Court of the United States District Court for the Southern District of Florida.

The Notice Plan employs a combination of publication and Internet notice designed to reach a significant number of Class Members. The details of the notice program are set forth on Exhibit "C."

16. **Court Approval**: This Agreement is predicated on the Court's certification of a Rule 23(b)(2) mandatory Settlement Class, as defined above, with no right to opt out. The transactions and undertakings herein are subject to approval by the Court and entry of a Final Order in accordance with Rule 23 of the Federal Rules of Civil Procedure. The parties shall jointly seek entry by the Court of a Final Order that includes the following provisions, among other things:

A. Find that the Court has personal jurisdiction over all Class Members, the Parties and that the Court has subject matter jurisdiction under the DPPA and 42 U.S.C. §1983, and to approve this Agreement;

B. Approve this Agreement and the proposed settlement as fair, reasonable and adequate, and consistent and in compliance with the applicable provisions of applicable law, as to, and in the best interests of, each of the Parties and the Class Members; authorize the implementation of this Agreement according to its terms and provisions; and declare this Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the release set forth in paragraph 12 above, maintained by or on behalf of, Plaintiffs and all other Class Members, as well as their heirs, executors and administrators, successors and assigns;

C. Conditionally certify the Class under Federal Rule 23(b)(2) for settlement purposes only;

D. Designate Plaintiffs as class representatives and counsel for Plaintiffs in the Action as Class Counsel;

E. Designate Co-Lead Counsel as defined herein;

F. Find that Plaintiffs and Class Counsel adequately represented the Class for purposes of entering into the Agreement and implementing the settlement contained therein;

G.      Approve the payment of an incentive award to Plaintiffs in accordance with the Agreement;

H.      Approve the payment of attorney's fees and costs to Class Counsel in accordance with the Agreement and provide that Co-Lead Counsel will distribute the award in accordance with their Agreement;

I.      Dismiss the Action (including all individual claims and Class claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in this Agreement;

J.      Incorporate the release set forth in ¶12, and make the release effective as of the date of the Final Order;

K.      Bar and permanently enjoin all Class Members from (i) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit in any jurisdiction based on or relating to the claims and causes of action within the scope of the release set forth in ¶12 of this Agreement, and (ii) organizing Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action within the scope of the release set forth in ¶12 of this Agreement.

17.     **Integration and Drafting**: The Parties further agree that no Party or its counsel shall be deemed to have drafted this Agreement. This Agreement and any attached exhibit(s) constitute the entire agreement between the Plaintiffs and Defendants and no representations, warranties or inducements have been made to any Party concerning this Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

18. **Modification, Court Approval, Extensions**: This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest. This Agreement is not subject to modification without the written consent of all Parties, and once it is approved by the Court, a subsequent modification or amendment hereto shall additionally require approval of the Court; provided, however, the Parties may by agreement effect such modification of this Agreement and its implementing documents (including all exhibits hereto) without notice to or approval by the Court if such changes are consistent in all material respects with the Court's Final Order or do not limit the rights of Class Members. The Parties also reserve the right, subject to the Court's approval, to jointly seek any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.

19. **Exhibits**: The exhibits hereto, if any, are incorporated herein by reference as if set forth herein verbatim, and the terms of all exhibits are expressly made a part of this Agreement.

20. **Waiver**: The waiver by any Party of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous to this Agreement.

21. **Authorization of Signatories**: All signatories represent that they are authorized to enter into this Agreement on behalf of their respective clients or any Party in the Action. Each counsel or other person executing this Agreement or any of its exhibits on behalf of any Party hereby warrants that such person has the full authority to do so.

22. **Agreement Executable in Counterparts**: This Agreement may be executed in any number of actual or telecopied counterparts and by each of the Parties and signatories on several counterparts, each of which when so executed and delivered shall be an original. The executed

signature page(s) from each actual or telecopied counterpart may be joined together and shall constitute one and the same instrument.

23. **Use Of Information Learned in Settlement Process**: The Parties and their Counsel agree that the documents and information made available to them during the settlement process on an informal, voluntary basis, were made available on the condition that neither the Parties nor their Counsel may disclose the documents and information to third parties (other than experts or consultants retained by Plaintiffs in connection with this case), that the documents and information not be the subject of public comment and not be used by the Parties or their Counsel in connection with this litigation should it not settle, or in any other proceeding; provided, however, that nothing contained herein shall prohibit the Parties or their Counsel from seeking such information through formal discovery or from referring to the existence of such information in connection with any motion to compel discovery in this Action.

24. **Use of Settlement**: In no event shall the Agreement, any of its provisions or any negotiations, statements or court proceedings relating to them in any way be construed as, offered as, received as, used as or deemed to be evidence of any kind in the Action, any other action, or in any judicial, administrative, regulatory or other proceedings, except in any proceeding relevant to the United States Department of Justice matter referred to in Exhibit "F" to this Agreement. Without limiting the foregoing, neither this Agreement nor any related negotiations, statements or court proceedings shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including but not limited to Defendants or the Department of Highway Safety and Motor Vehicles, or as a waiver by Defendants of any applicable defense, including, without limitation, any

applicable statute of limitations or statute of frauds, or as a waiver by Plaintiffs or the Class of any claims, causes of action or remedies.

25. **Notice**: Whenever this Agreement requires or contemplates that one Party shall or may give notice or documentation to the other, notice or such documentation shall be provided by facsimile and/or next-day (except Sunday) express delivery service as follows:

If to Defendants, then to:

Chesterfield H. Smith, Jr., Esq.
Office of the Attorney General
PL-01 The Capitol
Tallahassee, Florida 32399-1050
Tele: (850) 414-3665 / Fax: (850) 488-4872

Helen Ann Hauser, Esq.
Anna Volkova, Esq.
Restani, Dittmar & Hauser
201 Alhambra Circle, Suite 1050
Coral Gables, Florida 33134
Tele: (305) 445-4090 / Fax: (305) 445-7728

Elizabeth M. Rodriquez, Esq.
Ford & Harrison LLP
Bank of America Tower - Suite 2120
100 S.E. 2nd Street
Miami, Florida 33131
Tele: (305) 808-2143 / Fax: (305) 808-2101

Lawrence D. Smith, Esq.
Walton Lantaff Schroeder & Carson
9350 S. Dixie Highway, 10th Floor
Miami, Florida 33156
Tele: (305) 671-1300 / Fax: (305) 670-7065

Robin Lotane, Esq.
Judson Chapman, Esq.
Michael Alderman, Esq.
Department of Highway Safety and Motor Vehicles
2900 Apalachee Parkway, Room A-432
Tallahassee, Florida 32399
Tele: (850) 617-3101 / Fax: (850) 617-5112

If to Plaintiffs, then to:

David D. Welch, Esq.
David D. Welch Law Offices
2401 E. Atlantic Blvd. #400
Pompano Beach, FL 33062
Tele: (954) 943-2020
Fax: (954) 782-1552

Tod Aronovitz, Esq.
Aronovitz Jaffe
Suite 2700 -- Museum Tower
150 W. Flagler Street
Miami, Florida 33130
Telephone: (305) 372-2772
Fax: (305) 397-1886

26.     **Defendants' Denial of Wrongdoing**: Defendants and the Department of Highway

Safety and Motor Vehicles expressly deny any wrongdoing alleged in the Action and do not admit or

concede any actual or potential fault, wrongdoing or liability in connection with any facts or claims

that have been or could have been alleged against any of them in this Action. Neither this

Agreement nor any document referred to herein, nor any document prepared in connection herewith,

nor any action taken to effect the settlement, may be construed or used as an admission or concession

by or against any Defendant.

27.     **Plaintiffs' Warranty and Assertion of Good Faith**: Each Plaintiff expressly

affirms that the allegations made in pleadings filed in the Action were made in good faith and do not

admit or concede that any of the claims alleged in the Action lack merit. Each Plaintiff represents

and warrants that he/she (i) has agreed to serve as a representative of the Class proposed to be

certified herein; (ii) is willing, able and ready to perform any of the duties and obligations of a

representative of the Class, including the need to be available for, and involved in, discovery and

fact-finding; (iii) has consulted with Lead Counsel, or any other counsel he or she may have, about

the Action, the Agreement and the obligations of a Class representative; (iv) believes the proposed

settlement terms described herein are fair, reasonable and adequate; (v) will remain and serve as a

representative of the Class, until the terms of the Agreement are effectuated, the settlement is terminated in accordance with the terms of this Agreement, or the Court at any time determines that Plaintiffs cannot represent the Class; (vi) will not object to the proposed settlement; and (vii) will not file an appeal from or seek review of any order approving the settlement.

28.    **Cooperation in Effecting Settlement**: The Parties, their successors and assigns and their attorneys undertake to implement the terms of this Agreement in good faith, to use good faith in resolving any disputes that may arise in the implementation of terms of this Agreement, and to cooperate fully with one another in seeking Court approval of this Agreement and to use their best efforts to effect the prompt consummation of this Agreement and the proposed settlement.

29.    **Binding Effect**: The Agreement shall be binding upon, and inure to the benefit of, the heirs, successors, legal administrators and assigns of the Parties.

30.    **Computation of Time**:  All time periods set forth herein shall be computed in business days if ten (10) days or less and calendar days if eleven (11) days or more unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Agreement or by order of the Court, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, or, when the act to be done is the filing of a paper in Court, a day in which weather or other conditions have made the office of the Clerk of the Court inaccessible, in which event the period shall run until the end of the next day which is not one of the aforementioned days.  As used in this subsection, "legal holiday" includes New Year's Day, Martin Luther King, Jr. Day, Presidents' Day, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, Christmas Day and any other day appointed as a holiday by the President or the Congress of the United States or by the State of Florida.

31. **Governing Law**: This Agreement and any ancillary agreements shall be governed by, and interpreted according to, the law of the State of Florida, excluding its conflict of laws provisions.

32. **Good Faith Negotiations**: The Parties intend the settlement set forth in this Agreement to be a final and complete resolution of all disputes between them with respect to the Action. The Parties agree that the equitable relief herein provided, and the other terms of the Agreement, were negotiated in good faith by the Parties, and reflect a settlement that was reached voluntarily after each party's consultation with competent legal counsel. The Parties reserve their right to rebut, in a manner that such Party determines to be appropriate, any contention made in any public forum that the Action was settled, brought or defended in bad faith or without a reasonable basis.

**Date:** 10-3-08 — **MARY ANN COLLIER**

**Date:** 10-8-08 — **ARTHUR L. WALLACE**

**Date:** 10-3-08 — **ROY McGOLDRICK**

**Date:** 10/6/08 — **ROBERT PINO**

Date: 10-14-08

FRED O. DICKINSON, III

Date: 10/10/08

CARL A. FORD

Date: 10-15-08

SANDRA LAMBERT

STATE OF FLORIDA, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES

Date: 10/9/08

BY

ROBIN LOTANE
Neil Kirkman Building, Room A-432
2900 Apalachee Parkway, MS-1
Tallahassee, FL 32399-0500

OFFICE OF THE ATTORNEY GENERAL OF FLORIDA

Date: 10/13/08

BY

CHESTERFIELD H. SMITH, JR.
PL-01 The Capitol
Tallahassee, FL 32399-1050
Tele: 850-414-3663/ Fax: 850-488-4872

Date: 10/10/08

ELIZABETH M. RODRIGUEZ
Florida Bar No. 821690
**FORD & HARRISON LLP**
Bank of America Tower - Suite 2150
100 S.E. 2nd Street
Miami, Florida 33131
**Attorney for Defendant Carl A. Ford**

Date: Oct. 14, 2008

**HELEN ANN HAUSER**
Florida Bar No. 353906
**ANNA VOLKOVA**
Florida Bar No. 392073
**RESTANI, DITTMAR & HAUSER, P.A.**
201 Alhambra Circle
Suite 1050
Coral Gables, Florida 33134
Tele: 305-445-4090 / Fax: 305-445-7728
**Attorney for Defendant Fred O. Dickinson III**

Date: 10/9/08

**LAWRENCE D. SMITH**
Florida Bar No. 323594
**WALTON LANTAFF SCHROEDER &CARSON**
9350 S. Dixie Highway - 10th Floor
Miami, Florida 33156
Tele: 305-671-1300 / Fax: 305-670-7065
**Attorney for Defendant Sandra Lambert**

**Attorneys for Plaintiffs:**

Date: 10-13-08

**DAVID D. WELCH**
**DAVID D. WELCH LAW OFFICES**
2401 E. Atlantic Boulevard, Suite 400
Pompano Beach, FL 33062
Tele: 954-943-2020 / Fax: 954-782-1552

**TOD ARONOVITZ**
Florida Bar No. 186430
**ARONOVITZ JAFFE**
Suite 2700 - Musuem Tower
150 W. Flagler Street
Miami, Florida 33130
Tele: 305-372-2772/Fax: 305-397-1886

**PETER A. PORTLEY**
Florida Bar No. 112563
**PORTLEY AND SULLIVAN, P.A.**
2211 E. Sample Road
Lighthouse Point, FL 33064
Tele: 954-781-7600 / Fax: 954-941-3469

**JOEL S. PERWIN**
Florida Bar No. 316814
**JOEL S. PERWIN, P.A.**
Alfred I. DuPont Bldg. Suite 1422
169 E. Flagler Street
Tele: 305-779-6090 / Fax: 305-779-6095

**LAWRENCE D. GOODMAN**
Florida Bar No. 712647
**JOHN W. DEVINE**
Florida Bar No. 708607
**DEVINE GOODMAN PALLOT RASCO & WELLS P.A.**
777 Brickell Avenue, Suite 850
Miami, Florida 33131
Tele: 305-374-8200 / Fax: 305-374-8208