UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 04-21351-CIV-MARTINEZ-BROWN

MARY ANN COLLIER, ARTHUR L. WALLACE
WALLACE, ROY McGOLDRICK and
ROBERT PINO,

    Plaintiffs,

vs.

FRED O. DICKINSON, III,
CARL A. FORD and SANDRA LAMBERT,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AND PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING CONDITIONAL SETTLEMENT CLASS, APPOINTING CLASS COUNSEL AND APPROVING AND DIRECTING NOTICE PLAN

THIS CAUSE came before the Court upon Plaintiffs' Motion and Memorandum of Law in Support of Preliminary Approval of Proposed Settlement Agreement and Release ("Settlement Agreement"), filed by MARY ANN COLLIER, ARTHUR L. WALLACE, ROY McGOLDRICK and ROBERT PINO ("Plaintiffs"), which was unopposed by Defendants, FRED O. DICKINSON, III, CARL A. FORD and SANDRA LAMBERT ("Defendants").

On March 14, 2008, the Court ordered the parties to participate in mediation. The parties chose as mediator, Dominic Caparello, Esq., a qualified mediator with years of experience. Prior to mediation, the Parties conducted investigation, discovery, and evaluation of the facts and law, relating to the matters alleged in the pleadings. Thereafter the parties participated in numerous mediation sessions ultimately reaching an agreement to settle this action (the "Litigation") pursuant

to the provisions in the proposed Settlement Agreement. Defendants have consented to entry of an order approving the Parties' proposed Settlement Agreement, which was attached to Plaintiffs' motion. The Court has carefully considered the motion and supporting papers and is otherwise duly advised. Upon review of the file, the motion, the terms and conditions of the Settlement Agreement, and on the basis of the submissions in support of the motion and applicable law, the Court finds that the instant motion should be granted. It is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion and Memorandum of Law in Support of Preliminary Approval of Proposed Settlement Agreement and Release is hereby **GRANTED**.

2. The Court hereby adopts the definitions set forth in the Settlement Agreement. The Court finds that the terms of the Settlement Agreement are sufficiently fair, reasonable and adequate to warrant (a) preliminary approval; (b) the conditional certification of the Settlement Class; (c) the scheduling of the Fairness Hearing; (d) the appointment of class counsel and class representatives; and (e) preliminarily barring and enjoining Plaintiffs, and Class Members from commencing or prosecuting any actions asserting any of the Settled Claims (all covered by the Release) either directly, representatively, derivatively or in any other capacity against Defendants, pending the determination of whether the Settlement Agreement should be finally approved.

3. Conditional Certification of Settlement Class.

When the Court is presented with a proposed settlement prior to a decision on class certification, the Court must determine whether the proposed settlement class satisfies the requirements for class certification under Federal Rule of Civil Procedure 23. The requirements that must be met under Rule 23(a) are (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. In addition, the parties must satisfy one of the subsections of Rule 23(b).

The Court holds that the conditional settlement class, which is estimated to include more than 18 million individuals, satisfies the numerosity requirement of Rule 23(a)(1). The Court further holds that the commonality requirement of Rule 23(a)(2) is met. Commonality is satisfied if there is "at least one issue affecting all or a significant number of proposed class members." *Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 313 (S.D. Fla. 2001). Here, commonality is satisfied because the alleged conduct of the Defendants involved the approval of a uniform departmental practice whereby the settlement class members' DPPA-regulated information was disclosed to third parties for marketing purposes without the consent required by the DPPA.

The typicality requirement of Rule 23(a)(3) is also met. Typicality is satisfied if the claims of the class representatives are "typical of the claims or defenses of the class." Fed.R.Civ.P. 23(a)(3). Here, there is a sufficient link between the claims of the Named Plaintiffs and those of the absent class members, because the Defendants disclosed the DPPA-regulated information of all settlement class members in the same manner as the Plaintiffs' personal information was disclosed.

The Court further holds that the Named Plaintiffs and their counsel are adequate representatives of the conditional settlement class under Rule 23(a)(4). In reaching this determination, the Court has considered: (1) whether the proposed class representatives have interests antagonistic to the class; and (2) whether the proposed class counsel has the competence to undertake this litigation. *Fabricant,* 202 F.R.D. at 314.

The Court finds that the four Named Plaintiffs have no interests that are adverse or antagonistic to the interests of the settlement class. Both the Named Plaintiffs and the settlement class members share the common interest of protecting their DPPA-regulated information. Each settlement class member will benefit from the injunctive relief that will be provided by the proposed

settlement, and the proposed settlement preserves the right of settlement class members to bring individual suits for actual damages if they wish.

The Court also finds proposed Class Counsel to be competent to undertake this litigation. Class Counsel have experience in class actions and complex litigation. Class counsel have also demonstrated vigorous prosecution of the class claims throughout the litigation and mediation. Class Counsel have adequately represented the interests of the proposed class. Accordingly, the Court is satisfied that the Named Plaintiffs and Class Counsel are adequate representatives of the conditional settlement class under Rule 23(a)(4).

In addition to the requirements of Rule 23(a), a proposed class action must satisfy one of the sections of Rule 23(b). In this case, the Plaintiffs have moved to certify this class under Rule 23(b)(2). The instant motion is consistent with the proposed Settlement Agreement and Proposed Third Amended Class Action Complaint by which Plaintiffs seek injunctive and corresponding declaratory relief in addition to statutory damages. With respect to Rule 23(b)(2), parties seeking class certification must show that the defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Any request for monetary relief must be "incidental" to the injunctive relief, *Murray v. Auslander*, 224 F.3d 807, 812 (11th Cir. 2001), but statutory damages claims may be included in Rule 23(b)(2) classes as incidental to injunctive relief. *See, e.g., Ass'n for Disabled Ams., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 465 (S.D. Fla. 2002). The proposed class-action settlement satisfies the elements of Rule 23(b)(2).

The Court finds that, as to this conditional settlement class, the alleged conduct of the Defendants shows that they have acted on grounds generally applicable to the class as a whole. Plaintiffs allege that Defendants approved departmental policies and procedures by which

subordinates obtained the settlement class members' DPPA-regulated information from state DHSMV records, re-formatted it into customized mailing lists for use by mass marketers, and disclosed that information to third parties engaged in marketing activities. The Court further finds that the statutory liquidated damages claims released by the settlement are incidental to the injunctive relief. Any individual claims that class members may have for actual damages are preserved by the settlement and thus do not preclude certification under Rule 23(b)(2). Consequently, the Court finds that the requirements for certification of a conditional settlement class under Rule 23(b)(2) are satisfied.

For the sole purpose of determining: (i) whether this Court should finally approve the proposed settlement as fair, reasonable, and adequate; and (ii) whether the Court should dismiss the litigation with prejudice, the Court hereby certifies a conditional settlement class as follows: "All natural persons who held a Florida driver's license, identification card or motor vehicle registration at any time between June 1, 2000 and September 30, 2004."

If the proposed Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason, the settlement class shall be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; and all parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

4.  <u>Appointment of Class Counsel and Class Representatives</u>.

Having certified this settlement class under Rule 23(b)(2), the Court is now required to appoint Class Counsel under Rule 23(g). Fed.R.Civ.P. 23(g)(1)(A). Furthermore, having considered

the work Plaintiffs' counsel have done in identifying and investigating potential claims in this action, counsels' experience in handling class actions, other complex litigation, and claims of the type asserted in this action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class, the following attorneys are designated Class Counsel under Rule 23(g)(1): Tod Aronovitz, of Aronovitz Jaffe; David D. Welch, of David D. Welch Law Offices; Joel S. Perwin, of Joel S. Perwin, P.A.; Peter A. Portley, of Portley and Sullivan P.A.; and Lawrence D. Goodman and John Devine, of Devine Goodman Pallot Rasco & Wells, P.A. The Court further designates Tod Aronovitz and David D. Welch Lead Class Counsel.

The following individuals are designated as the Class Representatives: Mary Ann Collier, Arthur L. Wallace, Roy McGoldrick, and Robert Pino.

5. Preliminary Approval of Proposed Settlement.

Under Rule 23(e)(1), the Court will approve a class-action settlement if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1). Approval of a class-action settlement is a two-step process. In the first step, the Court determines whether the proposed settlement should be preliminarily approved. *See* David F. Herr, Annotated Manual for Complex Litigation § 21.632 (4th ed. 2004). At the preliminary-approval step, the Court is required to "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms." *Id*. A proposed settlement should be preliminarily approved if it "is 'within the range of possible approval' or, in other words, [if] there is 'probable cause' to notify the class of the proposed settlement." *Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 855 F. Supp. 825, 827 (E.D. N.C. 1994) (quoting *Armstrong v. Board of School Directors*, 616 F.2d 305, 312 (7th Cir. 1980)).

In the second step, following appropriate notice to the class and after hearing from any potential objectors, the Court makes a final decision whether to approve the proposed settlement.

See Annotated Manual for Complex Litigation §§ 21.633-35. Although the Court will not make a final decision regarding approval of the Settlement Agreement until later at the final fairness hearing, the Court is well aware that its preliminary approval of the proposed settlement here will result in notice of the settlement being provided to the settlement class members.

Turning to the specific terms of the Settlement Agreement, the Defendants, with the cooperation and participation of DHSMV, have agreed to implement an injunctive relief program that is designed to enhance compliance with the DPPA. The injunctive relief is multi-faceted and will benefit all settlement class members by enhancing the protection afforded their DPPA-regulated information. The Defendants have agreed to provide the following relief:

A. **Equitable Relief.** Defendants have elicited and have obtained the agreement of the DHSMV which agency joins in this Settlement Agreement and agrees to implement the equitable relief described as follows:

1. **Transparency.**

1.1 The DHSMV will print a statement on Florida driver license ("DL") and Florida motor vehicle registration ("DMV") renewal notices and on GoRenew.com that refers the recipients of such renewal notices to a webpage which specifically addresses Florida and federal DPPA law and policies (the "DPPA webpage"). The DHSMV will also post similar information in DHSMV offices visited by the public.

1.2 Within the DPPA webpage the DHSMV will create a link to its public records request webpage that will include information for obtaining the name and address of those companies that, and persons who, have purchased DPPA-protected information ("DPI") under a DPPA exemption, including authorized re-sellers, along with a description of the records requested and the

DPPA exemption under which the records were requested and provided. There will be a notation on the public records request webpage that explains the DHSMV is unable to determine which individual records were contained in these disclosures of DPI by the DHSMV to third parties.

        1.3      The DHSMV will create a webpage that the public will be referred to in ¶1.1 above (*i.e.*, the DPPA webpage), which will be dedicated to and set forth applicable federal and Florida law and policies pertaining to the DPPA. This webpage will include a link to the public records request webpage described in ¶1.2 above.

        2.      **Personnel Training.**  The DHSMV shall prepare and implement written DPPA policies and procedures, to be followed by training in DPPA compliance, for DHSMV personnel tasked with responding to requests from third parties for DPI.

        3.      **Customer Credentialing.** The DHSMV will modify form HSMV 85054 and each of its memoranda of understanding with resellers of DPI to require the requestor of DPI to state the intended use of such DPI, under penalty of perjury, as well as affirmative statements that such DPI will only be used for DPPA-permitted purposes.

        4.      **Adherence to Requirements of DPPA.**  The Defendants shall not knowingly obtain, disclose, or use Personal information from DHSMV motor vehicle records for purposes not permitted by the DPPA.

        B.      **Monetary Relief.**  The DHSMV will provide a $1.00 credit to each Class Member who registers, or renews the registration of a motor vehicle with DHSMV between July 1, 2009 and June 30, 2010, inclusive. Each Class Member shall be entitled to only one $1.00 credit regardless of the number of motor vehicles he or she registers during the applicable period. If a Class

Member registers or renews the registration on more than one motor vehicle during the applicable period, the $1.00 credit shall be applied to the first of such motor vehicles so registered.

        C.    **Expense of Relief.**  The Parties agree that the injunctive relief called for in the Agreement is of substantial, calculable value and benefit to the Class. The DHSMV shall bear any and all costs associated with its compliance with the Relief called for under the Agreement.

        D.    **Expense of Notice and Costs of Settlement Administration.**  The Department of Highway Safety and Motor Vehicles shall be responsible for the costs of the settlement class notice and all costs of settlement administration.

In exchange for the injunctive relief program, the Settlement Agreement releases settlement class members' claims for equitable and statutory liquidated damages, predicated on such claims, but it preserves the right of individual class members to bring individual claims for actual damages, subject to a waiver of the class-action procedural device.

In evaluating the proposed settlement and considering whether it should be preliminarily approved as fair, reasonable and adequate, the Court has considered the following factors: (a) the absence of any collusion among the parties; (b) the significant risks of continued litigation; (c) the complexity, expense, and duration of the litigation; (d) the substantial injunctive relief that will be provided under the proposed settlement; (e) the advanced stage of the litigation; and (f) the judgment of experienced counsel for the parties.

First, the Court finds that there is no evidence of collusion in this proposed settlement which favors preliminary approval. This case has been vigorously litigated at the trial court level and on appeal, including an interlocutory appeal to the Eleventh Circuit, and a petition for review before the United States Supreme Court. The Settlement Agreement is the product of lengthy and complicated settlement negotiations and extended mediation sessions before a highly qualified and experienced

mediator. Based on all of these factors, the Court is convinced that there is no evidence of collusion here.

Second, the parties face significant risk from continued litigation, which also favors preliminary approval of the settlement. Plaintiffs have advanced a novel claim based on a statute with relatively little case law interpreting it. While the Defendants have acknowledged that DPPA-regulated information was disclosed for marketing purposes without consent after the DPPA was amended to require express consent of the persons to whom the information pertained, Plaintiffs have not yet established any statutory violation by the Defendants or Plaintiffs' entitlement to any damages, and the Defendants have denied any such violations or damages. Further, the Defendants have moved for summary judgment on several grounds, including their assertion that the DPPA is unconstitutional as applied to the facts of this case, an issue which has yet to be resolved. Additionally, the class certification issue has not yet been decided, although it has been fully briefed and had been set for oral argument when the settlement agreement was announced. Obviously, there is some risk that if the issue were to be decided, the Court would find that the Plaintiffs' proposed class could not be certified for trial purposes. The Defendants also face risks of continued litigation. If a class were to be certified for trial purposes, Defendants would face an enormous class of plaintiffs, and potentially billions of dollars in statutory damages. Additionally, many of the defenses raised by the Defendants have already been resolved against them by the Eleventh Circuit Court of Appeals in *Collier v. Dickinson,* 477 F. 3d 1306 (11th Cir. 2007).

The Court also finds the complexity, expense, and duration of this litigation favor preliminary approval of the proposed settlement. Were this matter to continue in litigation, numerous and complex issues of law would have to be resolved at the cost of considerable time and expense to the parties and the Court.

The substantial injunctive relief that will be provided under the proposed settlement also favors preliminary approval. The injunctive relief program described above addresses and improves the security of personal information, which, by law, Florida's licensed drivers and motor vehicles registrants are required to provide to the DHSMV. The procedures required under the injunctive-relief program exceed the requirements of the DPPA, and therefore, advance the privacy interests of Florida's drivers and motor vehicle owners by providing greater security of their personal information. The enhancements in the procedures for "credentialing" purchasers of information from DHSMV improve the "gatekeeping" role Congress envisioned for state departments of motor vehicles when it enacted the DPPA.

Finally, the advanced stage of the litigation and the judgment of experienced counsel for the parties favor preliminary approval. This case was filed over four years ago. The parties have engaged in substantial discovery. There has been vigorous and contentious litigation in this Court, the Eleventh Circuit Court and the United State Supreme Court. Motions fully briefed and argued include a motion to dismiss, motions to compel discovery, motions to preclude evidence, motion for class certification and three separate motions for summary judgment. Therefore, the parties and the Court are well positioned to assess the strength of this case and the comparative benefits of the proposed settlement. Moreover, this proposed settlement is supported by experienced counsel for the parties. Plaintiffs are represented by five law firms and many highly respected attorneys, including many with significant experience in other class actions. Similarly, the Defendants are represented by several leading and highly respected trial lawyers, including many with significant experience in class actions and, although not a party to this action, the DHSMV has been represented throughout the case by highly experienced class action specialists from the Florida Attorney General's Office.

7. **Approval of the Proposed Notice Plan**

As a preliminary matter, the parties agreed to provide notice of the proposed settlement to appropriate federal and state officials under the Class Action Fairness Act, 28 U.S.C. § 1715. The proposed notice attached to the Settlement Agreement as Exhibit "B," and method of delivery is approved by the Court. Once preliminary approval of a settlement is granted, Rule 23(e)(1)(B) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise." Fed.R.Civ.P.23(e)(1)(B).

The Court has evaluated the proposed notice plan to determine if it is reasonable. The notice plan that the parties have agreed upon in the Settlement Agreement is extensive and multifaceted. It employs a combination of newspaper publication and internet notice designed to reach a significant number of settlement class members. The notice program provides for the following:

- Notice of this settlement and the terms thereof, including the "Long Form Notice," shall be posted on a *Collier* Class Action Settlement webpage, which shall be linked to the DHSMV website.

- A Summary Notice ("Short Form Notice") shall be published in various State of Florida newspapers of general circulation.

- The Summary Notice shall also be a posted in DHSMV offices throughout Florida.

The Court has also reviewed the "Long-Form Notice" and "Short Form Notice" attached to the Settlement Agreement as exhibits "D," and "E," respectively. After careful review of each of these notices, the Court has concluded that: (a) they concisely and clearly state, in plain, easily understood language, the nature of the action; (b) the definition of the settlement class conditionally certified; (c) the class claims, issues, and defenses; (d) that a class member may enter an appearance through counsel if the member so desires; and (e) the binding effect of a class judgment on class

members. Such notice of a Rule 23(b)(2) class settlement is designed to reach a significant number of class members and is otherwise proper under Rule 23(e)(1)(B).

Based upon the foregoing, the Court hereby approves the notice plan developed by the parties and directs that it be implemented according to the Settlement Agreement and the notice plan attached to Plaintiffs' motion as Exhibit "C." The Court finds that the notice plan constitutes reasonable notice under Rule 23(e)(1)(B) and satisfies due process. The settlement class is estimated to include more than 18 million individuals, and the cost to identify individual class members and to provide them with individual notice is not reasonable in these circumstances.

The cost of the Notice Plan shall be paid by the Defendants in accordance with the terms of the Settlement Agreement.

8.  **Procedure for Objection and Intervention**

Any settlement class member who, or governmental entity that, wishes to object to the proposed settlement may do so by mailing a copy of the objection to "Clerk of the Court, United States District Court, Southern District of Florida,1 Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, 8th floor, Miami, FL 33128,. The objection must be mailed and postmarked by **March 16, 2009**, and must include all of the following:

- The name of the case, Collier, et al. v. Fred O. Dickinson, III, et al., No. 04-21351, CIV-MARTINEZ/BROWN;
- The objector's name, address and telephone number;
- A statement of the objection and a summary of the reasons for the objection;
- Copies of any documents upon which the objection is based; and
- A statement of whether the objector or the objector's lawyer will ask to speak at the final fairness hearing.

Any person who wishes to appear at the final approval hearing, either in person or through counsel, in addition to providing the above information shall also:

- Identify the points the objector wishes to speak about at the hearing;
- Enclose copies of any documents on which the objector intends to rely at the hearing;
- State the amount of time the objector requests for speaking at the hearing; and
- State whether the objector intends to have a lawyer speak on his or her behalf.

Any lawyer who intends to appear or speak at the final fairness hearing must enter a written notice of appearance of counsel with the Clerk of the Court no later than **March 23, 2009**. All properly submitted objections shall be considered by the Court.

Any objector who does not properly and timely object in the manner set forth above will not be allowed to appear at the final fairness hearing and will not be allowed to object to or appeal the final approval of the proposed settlement, the dismissal of the case, any agreed payment of attorneys' fees and expenses to Class Counsel, or any agreed payment of incentive awards to the Named Plaintiffs.

Any person wishing to intervene as a party to the litigation must file a motion to intervene with the Court no later than **March 9, 2009**.

9. **Final Approval Hearing**.

A final approval hearing shall be held on **April 15, 2009, at 10:30 a.m.**, for the purpose of determining whether the proposed settlement set forth in the Settlement Agreement shall be approved finally by the Court and whether a final order dismissing the litigation with respect to the Defendants is appropriate. The Court will also consider the appropriateness of the agreed payment of Class Counsel's attorneys' fees, costs, and expenses, and Named Plaintiffs' incentive award. This hearing will be held at the District Court for the Southern District of Florida, Wilkie D. Ferguson, Jr. United

States Courthouse, 400 North Miami Avenue, Miami, FL 33128, in Judge Jose E. Martinez's Courtroom.

Counsel are directed to file any remaining briefs in support of the proposed settlement no later than **April 3, 2009**.

The Court may (i) approve the Settlement Agreement, with such modifications as may be agreed to by the parties, without further notice; and (ii) adjourn the final fairness hearing from time to time, by oral announcement at the hearing, without further notice. The Court retains exclusive jurisdiction over the litigation to consider all further matters arising out of or in connection with the proposed settlement.

10.    **Temporary Injunction to Preserve the Status Quo**.

To preserve the status quo pending this Court's determination on whether to approve the Settlement, it is further **ORDERED** and **ADJUDGED** that:

Under 28 U.S.C. § 1651 and Federal Rule of Civil Procedure 23, the settlement class members are temporarily enjoined from commencing, continuing or taking any action in any judicial proceeding in any state or federal court, or any other judicial or arbitral forum, against the released parties in the proposed Settlement with respect to any of the claims or issues covered by the proposed Settlement.

This Injunction is intended to immediately cease all litigation involving any of the claims or issues covered by the proposed Settlement in all courts and other judicial and arbitral tribunals throughout the United States. Any individual who wishes to object to, or comment on this Settlement or conditional certification will have the opportunity to be heard at the fairness hearing scheduled by this Court. This injunction will terminate at the time the Court determines whether to approve the class certification and proposed Settlement (unless converted into a permanent injunction in the Order

finally approving the Settlement) and prior to that time, any request for relief from the injunction shall be made to this Court.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of November, 2008.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies Provided To:
Magistrate Judge Brown
All Counsel of Record